UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GANNON INTERNATIONAL LTD., et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV835 JCH |
| ) | |
| WALTER BLOCKER, et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Walter Blocker's Motion for Partial Summary Judgment. (ECF No. 104). This matter has been fully briefed and is ready for disposition.

**SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S.

at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex Corp., 477 U.S. at 331, n.2. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

## DISCUSSION

### I. Background of this Motion[1]

Defendant Blocker asserts that he is entitled to summary judgment on Plaintiffs' allegations of breach of fiduciary duty, unjust enrichment and conversion related to a transfer of $415,000 (USD) from Gannon Hong Kong ("GHK") to Blocker's wife, Doan Phuong Ly.[2] Plaintiffs allege that "[i]n May 2007, Blocker secretly caused a wire transfer of $415,000 (USD) from the bank account of [GHK] into his wife's personal bank account. No other officer or employee of Gannon International or its subsidiaries authorized this transfer of funds from [GHK]" (First Amended Complaint ("FAC"), ECF No. 46, ¶17). Contrary to Plaintiffs' allegations, Blocker asserts that this payment from GHK to Ly was for a legitimate business purpose. (Defendant Walter Blocker's Memorandum in Support of Motion for Partial Summary Judgment ("Memorandum"), ECF No. 105, p. 2). He claims that the funds were part of an advancement from Diageo Finance PLC ("Diageo") to Linh Gia Co. Ltd ("Linh Gia"), a company owned by Ly. (Id.). Linh Gia is owned by Mai Duy Linh and Ly, and is a

---

[1]The Court previously provided a full background of this entire litigation. See ECF No. 112; Gannon Int'l, Ltd. v. Blocker, No. 4:10CV0835, 2011 U.S. Dist. LEXIS 3348, at *2-8 (E.D. Mo. Jan. 13, 2011).

[2]Blocker also seeks dismissal of Count II of the First Amended Petition for fraud. (Memorandum, pp. 5, 8-9). Since the filing of Blocker's Motion, Count II was dismissed without prejudice by this Court's January 14, 2011 Order (ECF No. 113).

Vietnamese marketing company, which imports and distributes consumer products in Vietnam. (Statement of Uncontroverted Material Facts ("SUMF"), ECF No. 106, ¶¶4, 5). Diageo is an international company that produces, among other things, spirits, wines and beer. (SUMF, ¶7). In 2007, Diageo contracted with Linh Gia to act as an importer and distributor for its alcoholic products in Vietnam. (SUMF, ¶8). Diageo had to contract with Linh Gia because Vietnamese law prohibits foreign companies from importing and distributing products, such as distilled spirits, into Vietnam. (SUMF, ¶9). Linh Gia, in turn, contracted with Gannon Vietnam to assist Diageo. (SUMF, ¶10).

In April 2007, Linh Gia needed funds to pay expenses for the importation of Diageo products. (SUMF, ¶11).[3] Diageo arranged to advance funds to Linh Gia through GHK. (SUMF, ¶12).[4] On April 26, 2007, Diageo transferred $470,000[5] to GHK.[6] (SUMF, ¶14). On May 4, 2007, GHK transferred $415,000 to Ly. (SUMF, ¶16).[7] Ly transferred the money to a Linh Gia account on the next business day, Monday, May 7, 2007. (SUMF, ¶18). GHK wired the money to Ly, instead of

---

[3]Plaintiffs assert that this statement is hearsay. (ECF No. 143, ¶12). Hung testified, based upon his first hand knowledge, regarding the source of the funds and his reason for channeling those funds through GHK for the benefit of Ly/Linh Gia. (Declaration of Tran Quoc Hung ("Hung Dec."), ECF. No. 107, ¶6). The Court finds this statement is not hearsay.

[4]GHK often acted as a channel for Gannon International to clear money into its own account. (SUMF, ¶13). Plaintiffs claim this fact is disputed, but do not provide any evidence to contradict Blocker's assertion. (EFC No. 143, ¶13).

[5]$469,993.60 after the deduction of fees (SUMF, ¶14).

[6]Blocker states that Diageo transferred the funds to GHK with the understanding that the funds would be transferred to Linh Gia. (SUMF, ¶14). Plaintiffs claim that this statement is hearsay because Blocker has not provided any evidence from Diageo regarding its intent and understanding. (ECF No. 143, ¶14). Plaintiffs, however, have not provided any other explanation for this funds transfer and Plaintiffs admit that Diageo did not owe any prior debt or obligation to GHK. (SUMF, ¶15; ECF No. 143, ¶15). Moreover, Blocker, Hung and Ly attested that they understood that Diageo would transfer the funds to Linh Gia through GHK. (SUMF, ¶¶12, 14).

[7]Tran Quoc Hung, then Deputy Managing Director and Chief Financial Officer for The Gannon Vietnam Limited was responsible for communicating with Diageo and directed the transfer from GHK to Ly. (SUMF, ¶17).

directly to Linh Gia, so that the money could be recognized as a capital contribution and not as income. (SUMF, ¶19). Throughout May 2007, Linh Gia used these funds to pay expenses for importing Diageo products. (SUMF, ¶20).

## II. Blocker's Motion to Dismiss Plaintiff's Claims

### A. Conversion

"'To state a claim for conversion, a plaintiff must plead and prove [1] that he was entitled to possession, [2] the defendant exercised unauthorized control and [3] the defendant deprived plaintiff of his right to possession.'" Whipple v. Allen, 324 S.W.3d 447, 450 (Mo. Ct. App. 2010)(citing Envirotech, Inc. v. Thomas, 259 S.W.3d 577, 592 (Mo. App. E.D. 2008)). Blocker claims that Plaintiffs' conversion claim fails for several reasons. First, Plaintiffs assert that Diageo, not GHK, was the owner of the property in question. Second, Blocker asserts that Plaintiffs' claim fails to satisfy special rules for conversion actions for money, *i.e.*, a conversion claim for money can lie only when the money was not set aside for a specific purpose.

In support of his motion, Blocker provides the sworn testimony of GHK's former Chief Financial Officer, Tran Quoc Hung, who attests that he authorized the wire transfer of the $415,000 to Ly. (Defendant Walter Blocker's Reply Memorandum in Support of Motion for Summary Judgment ("Reply"), ECF No. 134, p. 2; Hung Dec., ¶6). Hung states that he transferred the funds to Ly instead of Linh Gia so that the funds would be considered a capital contribution, not income, to Linh Gia. (Hung Dec., ¶10). Hung also states that he confirmed that Linh Gia spent these funds to pay expenses for importation of Diageo products. (Hung Dec., ¶11). Thus, the undisputed testimony of Hung demonstrates that GHK was not entitled to possession of the funds, as required to state a claim under Missouri law. See Twellman v. Lindell Trust Co., 534 S.W.2d 83, 97 (Mo. Ct. App. 1976)("In Missouri, in order to maintain a suit for conversion, the plaintiff must have title

to, or a right of property in, and a right to the immediate possession of the property concerned at the time of conversion.").

Further, Plaintiffs do not provide an explanation for Diageo's transfer of funds that would counter Blocker's explanation. (Response in Opposition to Defendant Walter Blocker's Motion for Partial Summary Judgment ("Response"), ECF No. 129, pp. 3-4). In fact, Plaintiffs fail to identify any debt owed by Diageo to GHK that would explain the transfer of $415,000. (Reply, p. 2; ECF No. 143, ¶15; Hung Dec., ¶9). In contrast, Blocker provides the uncontested testimony of Hung and Ly that Ly obtained the funds from GHK pursuant to Linh Gia's contract with Diageo. See Hung Dec., ¶¶5-12; Declaration of Doan Phuong Ly ("Ly Dec."), ECF No. 109, ¶¶4-6). Instead of contradicting this fact, Plaintiffs dispute how Ly and Linh Gia spent the funds deposited by GHK. (Response, p. 4; ECF No. 143, ¶¶20, 21). [8] The manner in which Ly and Linh Gia spent the funds, however, is irrelevant to a claim for conversion, particularly given that Blocker has proven that he did not exercise unauthorized control over the funds.

Plaintiffs also assert that they possessed an interest in the $415,000. (Response, p. 6). GHK had a contract with Diageo. (Id.). Plaintiffs argue that if monies were deposited in GHK's account and used improperly, then GHK could owe those monies to Diageo. (Id.). The Court finds Plaintiffs' argument that GHK could be liable to Diageo for any misspent funds to be a red herring. As noted by Blocker, these transactions occurred more than four (4) years ago and Diageo has not made a claim against GHK. (Reply, p. 7). Further, even if Diageo's funds were improperly spent, then GHK only would have a claim for indemnification against Blocker because GHK does not dispute that the

---

[8]Specifically, Blocker notes that some deposit slips relate to a transfer of funds from Nhan Viet to GHK and do not involve Linh Gia. (Response, pp. 4-5; ECF Nos. 109-5, 109-6; ECF No. 141, p. 3). Nhan Viet is a different entity from Linh Gia; Nhan Viet sells Loreal products and is not involved in the importation of Diageo products. (Response, p. 4)(without any citation to any evidence to support this claim).

funds belonged to Diageo. (Id.). Thus, because the evidence demonstrates that the funds belonged to Diageo, not GHK, Blocker's motion to dismiss the conversion claim for $415,000 is dismissed.

In addition, Blocker asserts that Plaintiffs have not satisfied the requirements for stating a claim for conversion of money. Although a claim usually does not lie for the taking of money, an exception exists "when plaintiff places funds in the custody of defendant for a specific purpose and defendant diverts them to a different purpose." Perez v. Boatmen's Nat'l Bank, 788 S.W.2d 296, 299 (Mo. Ct. App. 1990) (citations omitted); Express Scripts, Inc. v. Walgreens Co., No. 4:08cv1915, 2009 U.S. Dist. LEXIS 113143, at *11-12 (E.D. Mo. Dec. 3, 2009). Here, the evidence provided does not indicate that the money was set aside for a particular purpose. (Memorandum, p. 4). The records merely indicate a transfer of funds. See ECF No. 109-1. Plaintiffs' claim for conversion of the $415,000 cannot stand and must be dismissed for this second reason as well.

## B. Breach of Fiduciary Duty

The elements of a claim for breach of fiduciary duty are: (1) a fiduciary relationship; (2) the breach of a fiduciary obligation; (3) proximate cause; (4) damages; and (5) no other recognized tort encompasses the facts alleged. Costa v. Allen, 274 S.W.3d 461, 462 (Mo. 2009)(citing Klemme v. Best, 941 S.W.2d 493, 496 (Mo. banc 1997)). Blocker argues that he could not have breached his fiduciary duty (assuming one exists) because the transfer was for a legitimate business purpose. (Memorandum, pp. 5-6). As previously discussed, the evidence provided by Blocker indicates that Diageo transferred the funds to GHK; GHK, in turn, transferred to the funds to Ly, who deposited the funds in Linh Gia as a capital contribution. (Id., pp. 6-7; Ly Dec., ¶6). Indeed, Ly provided a

deposit slip identifying the deposit in Linh Gia. (Ly Dec., ¶6; ECF No. 109-2).[9] Likewise, Ly identified in her declaration the expenses she paid with these funds. (Ly Dec., ¶7).

Thus, the Court finds that Blocker has provided sufficient evidence, which was not refuted, that the funds were transferred to Ly for the legitimate business purpose of paying Linh Gai. The Court grants summary judgment in favor of Blocker on Plaintiffs' claims of breach of fiduciary duty with respect to the $415,000 transfer from GHK to Ly.

### C.     Unjust Enrichment

Under Missouri law, the essential elements of a quasi-contract, unjust enrichment claim are: 1) a benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of the fact of such benefit; 3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable. Webcon Group, Inc. v. S.M. Props., L.P., 1 S.W.3d 538, 542 (Mo. Ct. App. 1999)(citations omitted); ACLU/E. Mo. Fund v. Miller, 803 S.W.2d 592, 595 (Mo. 1991) (en banc) (unjust enrichment occurs where a benefit is conferred upon a person in circumstances in which retention by him of that benefit without paying its reasonable value would be unjust). "An essential element" of an unjust enrichment claim "is a benefit conferred upon the defendant by the plaintiff." ACLU/E. Mo. Fund, 803 S.W.2d at 595 (internal quotation marks omitted).

---

[9]Plaintiffs argue that the deposit slip is hand-written and, therefore, does not provide adequate support for this transaction. See Response, p. 5 (noting that Exhibit B to the Ly Declaration "is a [sic] simply an internal, handwritten receipt voucher from Linh Gia which purportedly memorializes the transfer of $415,000 from Ly to Linh Gia. It does not actually show a banking transaction. ... No actual bank record is offered to corroborate this transaction."). Plaintiffs fail to show how the handwritten receipt is inadequate evidence of a deposit. Moreover, despite having ample time to conduct discovery, Plaintiffs have not come forward with any countervailing evidence that the deposit did not occur. In the absence of such evidence, the Court relies on the handwritten deposit slip as evidence that Ly deposited the funds in Linh Gia.

In their Complaint, Plaintiffs allege that the transfer from GHK to Ly's account constituted an unjust benefit conferred from GHK to Blocker. (FAC, ¶¶47-50). In his Motion, Blocker asserts that Plaintiffs' claim for unjust enrichment cannot stand because he did not take anything that belonged to Plaintiffs. (Memorandum, pp. 9-10). Likewise, the declarations supporting the Motion demonstrate that the funds transferred did not belong to GHK. Rather, the evidence before the Court supports a finding that Diageo deposited these funds with GHK for GHK to transfer those funds to Ly/Linh Gia. Accordingly, Plaintiffs never had a right to retain these funds and Blocker could not have unjustly enriched himself at their expense.

In addition, pursuant to Ly's uncontradicted declaration, Blocker was not unjustly enriched by the transfer of funds to his wife because Ly transferred the funds she received from GHK to Linh Gia. (Memorandum, p. 10; Declaration of Walter Blocker in Support of his Motion for Partial Summary Judgment, ECF No. 108, ¶¶8-9; Ly Dec., ¶¶4-7). The Court finds that Blocker did not retain the benefit of those funds. The Court grants Blocker's Motion for Summary Judgment on Plaintiffs' unjust enrichment claim with respect to the claim for $415,000.

Accordingly,

**IT IS HEREBY ORDERED** Defendant Walter Blocker's Motion for Partial Summary Judgment (ECF No. 104) is **GRANTED**.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 5th day of August, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE